IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO P. BARNETT, | * | |
| Petitioner | * | |
| v | * | Civil Action No. GJH-19-2481 |
| WARDEN ALLEN GANG and | * | |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

Antonio P. Barnett, a self-represented state prisoner, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.[1] Respondents filed a Limited Answer to the Petition under 28 U.S.C. § 2254(b)(1), seeking its dismissal for lack of exhaustion. ECF No. 3. Barnett filed a Response in opposition. ECF No. 5. Also pending are Petitioner's Motion to Compel an Answer, ECF No. 6, and Motion for Default Judgment, ECF No. 7. The Court finds no need for an evidentiary hearing. Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, Respondent's Motion to Dismiss is GRANTED and Petitioner's Motion to Compel and Motion for Default Judgment are DENIED.

**I. Background**

Barnett was found guilty by a jury in the Circuit Court for Prince George's County, Maryland of involuntary manslaughter and four counts of firearms offenses. ECF No. 3-1 at 12. On July 14, 2017, he was sentenced to a total of 35 years of incarceration. *Id.* at 14.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

On appeal to the Court of Special Appeals of Maryland, Barnett raised challenges to evidentiary rulings made at trial and asserted the court erred in instructing the jury on self-defense and involuntary manslaughter. *Id.* at 18–62. The Court of Special Appeals affirmed Barnett's convictions in an unreported opinion. ECF No. 3-1 at 152–75 (*Antonio Barnett v. State*, No. 1242, Sept. Term 2017 (filed Dec. 14, 2018)). The mandate issued on January 24, 2019. ECF No. 3-1 at 176–77.

On January 29, 2019, Barnett filed a Petition for a Writ of Certiorari in the Court of Appeals of Maryland, raising questions about the trial court's jury instructions and the Court of Special Appeals' affirmance of that ruling. ECF No. 3-1 at 178–93. The State filed an answer and conditional cross-petition for certiorari, *id.* at 194–216, and the Court of Appeals denied review on April 19, 2019, *id*. at 217 (*Barnett v. State*, 463 Md. 527 (2019) (table)). Barnett did not seek further review in the Supreme Court of the United States. ECF No. 1 at 3.

On or about June 27, 2019, Barnett, proceeding pro se, filed a petition for a writ of habeas corpus in the Circuit Court for Prince George's County, raising the same four claims that would later be presented in the federal habeas petition. ECF No. 3-1 at 17; ECF No. 1-3.[2] The Circuit Court reviewed Barnett's filings on August 26, 2019, and determined to take "[n]o action at [that] time." ECF No. 3-1 at 17. On February 7, 2020, the Circuit Court denied the Petition. *See* Order of Court, Feb. 7, 2020, Case No. CT160845X.[3]

On May 7, 2020, Barnett filed a pro se Petition for Post-Conviction Relief in the Circuit Court. Petition for Post-Conviction Relief, May 7, 2020, Case No. CT160845X.[4] On July 8, 2020,

---

[2] Barnett appears to have titled his habeas filing as an "Affidavit of Service," "A Sworn Affidavit," a request for waiver of prepaid costs, and several exhibits. ECF No. 3-1 at 17; ECF No. 1-3; *see also* ECF No. 3 at 6 n. 4.
[3] Citations to the docket for Case No. CT160845X may be found at http://casesearch.courts.state.md.us/casesearch (viewed September 8, 2020).
[4] Barnett amended the petition on May 27, 2020. Amended Petition for Post-Conviction Relief, May 27, 2020, Case No. CT160845X.

2

the Circuit Court granted the State of Maryland's Motion for Leave for an Extension of Time to file a response outside the fifteen-day period and referred the Petition for Post-Conviction Relief to the Office of the Public Defender to determine Barnett's eligibility for representation. Order of Court, July 8, 2020, Case No. CT160845X; Memorandum of Court, July 8, 2020, Case No. CT160845X. The Petition for Post-Conviction Relief remains pending.

On August 27, 2019, Barnett filed this § 2254 Petition. ECF No. 1. The Petition asserts four grounds for relief: (1) the charging indictment was defective on multiple fronts, including the lack of the required signature by the foreperson of the grand jury; (2) the sentence is illegal because the indictment is defective and because he was convicted of involuntary manslaughter as a lesser-included offense, which was not charged in the indictment or expressly added by amendment; (3) the warrant to collect a sample of his DNA was illegal for several reasons, including that the supporting affidavit failed to articulate probable cause; and (4) ineffective assistance of counsel. ECF No. 1 at 5, 12, 17–42.

## II. Discussion

### A. Petitioner's Motions

Although not chronological, the Court will first address Petitioner's Motion to Compel and Motion for Default Judgment. In his Motion to Compel, Barnett seems to request this Court order the State Attorney General of Maryland to file an Answer in his then pending state habeas case. ECF No. 6 at 3–4. In his Motion for Default Judgment, he asks this Court to enter a default judgment in his state habeas proceeding. ECF No. 7 at 8. This Court does not have authority to order a state court to enter a default judgment in a pending state habeas case, or to compel the State to file an Answer to the Petition in that state case. The Motions will be denied.

### B. Motion to Dismiss

A petitioner seeking federal habeas relief generally must first exhaust remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Robinson v. Thomas*, 855 F.3d 278, 283 (4th Cir. 2017). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

Exhaustion is satisfied by seeking review of the claim in every available state court. 28 U.S.C. § 2254(c); *Jones v. Sussex I State Prison,* 591 F.3d 707, 713 (4th Cir. 2010). For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. Barnett did not exhaust the claims in his federal habeas petition on direct appeal.[5]

---

[5] Respondents note that "part of Barnett's sentencing claim could perhaps be construed (very generously) as asserting the same claim regarding the gross-negligence involuntary manslaughter count that Barnett litigated on appeal in the Court of Special Appeals and the Court of Appeals." ECF No. 3 at 12 n.7. However, Barnett's petition would nevertheless be considered a "mixed petition" and require dismissal, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

In Maryland, a criminal defendant may challenge his or her convictions through a petition under the state Uniform Postconviction Procedure Act ("UPPA"), Md. Code Ann., Crim. Proc. §§ 7-101 *et seq.* To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101 to 7-103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals. *Id.* § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

If a claim has not been fairly presented to the state courts, a federal habeas court may nonetheless consider the claim if there is either an absence of available state corrective process or the process is ineffective; state remedies must be available and meaningful such that the outcome is not futile. 28 U.S.C. § 2254(b)(1)(B)(1); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (noting that an exception to the exhaustion requirement is made "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"). However, a petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). Barnett does not allege inordinate delay or that review of the Post-Conviction Petition will be futile.

Contrary to Barnett's assertions in his federal habeas petition and Reply to the Limited Answer, ECF No. 1 at 3–4, 6, 8–9; ECF No. 5 at 5–6, his state habeas did not satisfy the exhaustion requirement. A petition for habeas corpus relief filed in a Maryland circuit court does not exhaust the petitioner's claims where the petitioner may yet file a post-conviction petition under the Uniform Postconviction Procedure Act. *See Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 n.1 (4th

Cir. 1971) ("[A]n action for state habeas is not sufficient to exhaust available state court remedies in Maryland."); *accord Kelly v. Shearin*, Civ. No. AW-11-262, 2011 WL 1431614, at *3 n.1 (D. Md. Apr. 14, 2011) ("The applications were summarily denied. A petition for writ of habeas corpus in the circuit court does not satisfy the exhaustion requirement; if the petition is denied, the prisoner must still apply for post conviction relief through the Maryland Court of Special Appeals, and, if necessary, the Maryland Courts of Appeals, to exhaust his state remedies.") (internal citations omitted); *Layer v. Lyles*, 598 F. Supp. 95, 97–98 (D. Md. 1984) ("[P]laintiff's use of Maryland's habeas corpus procedure did not, without use of the Post Conviction Procedure Act, exhaust plaintiff's state remedies.").

Further, Barnett's state post-conviction proceedings are ongoing.[6]  When state court proceedings to resolve a petitioner's claims are unexhausted and ongoing, the considerations of comity that underlie the exhaustion requirement dictate that the federal court should abstain from ruling on the issues that are pending in the state proceedings. *See Younger v. Harris*, 401 U.S. 37, 49 (1971) (precluding federal court action where "proceeding was already pending in the state court, affording [state-court criminal defendant] an opportunity to raise his constitutional claims"); *see also Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *Robinson*, 855 F.3d at 285 (affirming dismissal without prejudice of federal habeas petition on basis of *Younger* abstention where state court proceedings were ongoing).

---

[6] Barnett is cautioned to be mindful of the one-year limitations period which applies to §2254 petitions, including when the one-year period starts to run, and is tolled. *See* 28 U.S.C. §2244; ECF No. 3 at 18-19.  He will be sent a § 2254 information and forms packet to assist him if he decides to resubmit his claims after completing exhaustion.

6

Barnett has not exhausted his avenues of post-conviction relief, and his post-conviction proceedings in the Circuit Court are ongoing. Accordingly, the Court will dismiss the Petition without prejudice for lack of exhaustion.

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, Barnett must obtain a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(l).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Barnett fails to meet this standard and a certificate of appealability shall not issue. He may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### IV. Conclusion

For the foregoing reasons, the Petition will be dismissed without prejudice and a Certificate of Appealability will not issue. A separate Order follows.

September 8, 2020             ___/s/_____
Date                                   GEORGE J. HAZEL
                                         United States District Judge